IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01474-WYD

IN RE:
STEVE ANTHONY SANDOVAL and
ANN SHIELA KREMSKI-SANDOVAL,

     Debtors,

ALLEN-TRAUGOTT, INC.

     Plaintiff/ Appellant,

v.

STEVE ANTHONY SANDOVAL and
ANN SHIELA KREMSKI-SANDOVAL,

     Defendants/ Appellees.

**ORDER**

I.    INTRODUCTION

THIS MATTER comes before the Court on the appeal by Plaintiff/Appellant Allen-Traugott, Inc. ("AT") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 03-30777-SBB.  On July 2, 2008, the Bankruptcy Court enter an order denying AT's Motion for Extension of Time for Filing a Notice of Appeal (docket #287).  In this appeal, AT argues that the Bankruptcy Court abused its discretion in denying its motion.  Specifically, AT argues that the Bankruptcy Court abused its discretion in denying AT's requested extension for filing its notice of appeal, finding no excusable neglect.

II.     BACKGROUND

The following facts are relevant to this appeal of the Bankruptcy Court's order. Prior to the bankruptcy filing, the Plaintiff/Appellant and Defendant/Appellees were engaged in litigation before the Eagle County District Court in a case styled: *Allen-Traugott, Inc. v. Sandoval, et al.*, No. 00-CV-502.  The underlying state court action arose out of a construction dispute between AT and Mr. Sandoval and Ms. Kremski-Sandoval.  Specifically, AT alleged, *inter alia*, that through entities known as Buildworks LLC and Buildworks II, Inc., Sandoval and Kremski-Sandoval received funds as contractors on multiple construction projects from January 1998 to January 1999, for which they had a duty to account as statutory trustees and were individually liable as fiduciaries under Colo. Rev. Stat. § 38-22-127.   A jury trial was set to commence in the underlying state court action on October 20, 2003.  However, on October 17, 2003, Sandoval and Kremski-Sandoval filed for relief under Chapter 7 of the Bankruptcy Code.

After the filing of the bankruptcy case, AT filed a proof of claim against Sandoval and Kremski-Sandoval, which asserted a claim in an amount exceeding $700,000.  AT also filed an adversary proceeding against Sandoval and Kremski-Sandoval, seeking a denial of their discharge pursuant to subsections of 11 U.S.C. § 727(a), and exception of its claim from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).  In December 2004, Sandoval and Kremski-Sandoval moved to convert their Chapter 7 case to a case under Chapter 13 pursuant to 11 U.S.C. § 706(a) ("Motion to Convert"). AT objected to the Motion to Convert, arguing that Sandoval and Kremski-Sandoval

were not eligible for Chapter 13 relief under 11 U.S.C. § 109(e) because, based on AT's claim, the unsecured debts exceeded $290,525.

On January 6, 2005, Bankruptcy Judge Sidney Brooks held an evidentiary hearing on Sandoval and Kremski-Sandoval's ("Debtors") Motion to Convert at which the sole issue determined was the Debtors' eligibility for Chapter 13 relief. Subsequently, in a telephonic hearing on January 12, 2005, Judge Brooks made oral findings of fact and conclusions of law. Judge Brooks also issued a written order on January 12, 2005. Judge Brooks held that the Debtors qualified to be debtors in a case under Chapter 13. In response to the Bankruptcy Court's unfavorable ruling, AT filed a motion for reconsideration, which was denied by Judge Brooks on February 8, 2005. AT filed an appeal of the order allowing conversion of the case to Chapter 13 to the Tenth Circuit's Bankruptcy Appellate Panel ("BAP"). The BAP dismissed the appeal finding that an order converting a Chapter 7 case to a Chapter 13 case was not a final order. AT then filed an appeal of the BAP's dismissal to the Tenth Circuit. On June 30, 2009, the Tenth Circuit issued an order dismissing AT's appeal, concluding that the court lacks jurisdiction.[1]

On December 28, 2005, Judge Brooks held an evidentiary hearing on the Debtors' objection to AT's creditor's claims. On August 11, 2006, Judge Brooks issued a written order sustaining Debtors' objection and disallowing AT's creditor's claims. (docket #231). On September 12, 2006, Plaintiff/Appellant AT filed its Notice of Appeal

---

[1] I note that on June 29, 2009, the Bankruptcy Court entered an Order Granting the Motion to Reconvert Case from Chapter 13 to Chapter 7 (docket #310).

-3-

from the Bankruptcy Court, which was assigned to me. While this appeal was pending, the Tenth Circuit reversed a decision by United States District Judge Babcock in *In re Regan*, 477 F.3d 1209, 1212 (10th Cir. 2007). Accordingly, I remanded the appeal back to the Bankruptcy Court in light of the Tenth Circuit's reversal of *Regan*. On remand, the Bankruptcy Court reaffirmed its order on June 3, 2008. AT failed to file a timely notice of appeal of this order. On June 19, 2009 (six days beyond the 10-day period for filing bankruptcy appeals set forth in Fed. R. Bankr. P. 8002), AT filed a Motion to Extend Time to Appeal Under Rule 8002(2). The Debtors objected, and on July 2, 2008, the Bankruptcy Court denied the motion finding no excusable neglect. AT filed a timely appeal of the Bankruptcy Court's denial of its motion for extension of time, which is now pending before me.

III.    ANALYSIS

   A.    Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *Kimco Leasing, Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id.* A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo*. *Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must

show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached." *Id*. Further, "remedial statutes such as the Bankruptcy Code are generally held to be liberally construed in favor of the debtor in order to better facilitate that debtor's fresh start." 157 B.R. 268, 272 (Bankr. W.D.Va. 1993).

Finally, denial of an extension of time is reviewed under an abuse of discretion standard. *In re Buck*, 220 B.R. 999, 1003 (10th Cir. BAP 1998). "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) ( quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)). "An abuse of discretion occurs when the trial court's decision is arbitrary, capricious or whimsical or results in a manifestly unreasonable judgment." *In re Lang*, 305 B.R. 905, 908 (10th Cir. BAP 2004) (internal quotations omitted). "As one court has put it, the question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

      B.    <u>Whether the Bankruptcy Court Abused its Discretion in Denying AT's Motion for Extension of Time to File Notice of Appeal</u>

On June 19, 2009, AT filed a Motion to Extend Time to Appeal Under Rule 8002(2), six days beyond the 10-day period for filing bankruptcy appeals set forth in Fed. R. Bankr. P. 8002. AT argues that the Bankruptcy Court abused its discretion in

denying its motion.  Fed. R. Bankr. P. 8002 (c)(2) provides as follows:

> (c) Extension of time for appeal
>
> (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted **upon a showing of excusable neglect**.  An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Fed. R. Bankr. P. 8002 (c)(2) (emphasis added).

AT's counsel argues that his reliance on staff, who mistakenly docketed the appropriate time for filing a notice of appeal, constitutes excusable neglect.  More specifically, AT's counsel claims that his paralegal inadvertently used the 30-day time period set forth in Rule 4 of the Federal Rules of Appellate Procedure rather than the correct 10-day period for filing a notice of appeal provided in Fed. R. Bankr. P. 8002(a) when docketing the case in a computer software program.  AT's counsel relies upon the decision of the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) in support of its position.

In *Pioneer*, the Supreme Court stated that "although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392.  The Court went on to say "that the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.* at 395.  The

Court enumerated the following factors for courts to consider: (1) the danger of prejudice to the debtor; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.*

In its written order dated July 2, 2008, the Bankruptcy Court considered each *Pioneer* factor and concluded that AT did not show excusable neglect. I agree. I find AT's arguments and case authority from other jurisdictions to be both unavailing and contrary to Tenth Circuit precedent.

Similar to the case at bar, *United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004) involved a criminal appeal in which the defendant's counsel confused the filing deadlines for criminal appeals and civil appeals and did not file a notice of appeal until 18 days after the entry of judgment. The *Torres* Court overturned the decision of the district court, which had found excusable neglect, even though three of the four *Pioneer* factors weighed in favor of finding excusable neglect. The Court stated the following:

> Three of the relevant circumstances noted in *Pioneer* weigh in favor of a finding of excusable neglect. Defendant filed his notice of appeal only 18 days after the entry of judgment; it does not appear that the government would be prejudiced by the delay if Defendant's appeal is permitted to proceed; and there is no indication that defense counsel acted in bad faith. Nonetheless, fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable. . . . The reason for the delay here was simply that defense counsel confused the filing deadlines for civil and criminal appeals. In *Pioneer* the Supreme Court said that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.

*Id.* at 1162-63 (internal quotations and citations omitted). The *Torres* Court went on to summarize cases from other circuits concluding that "[i]n our view, defense counsel's

misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless 'the word excusable [is to be] read out of the rule.'"  *Id* at 1163-64.

Here, the only factual difference from *Torres* is that AT's counsel places the blame for the misinterpretation of the readily accessible rule (Fed. R. Bankr. P. 8002(a)) on his paralegal.  I note that the Tenth Circuit has held "that the language contained in *Pioneer* to the effect that 'upheaval' in a law practice is not probative of excusable neglect . . . ."  *In re Lang*, 305 B.R. 905, 910 (10th Cir. BAP 2004), *aff'd*, 414 F.3d 1191 (10th Cir. 2005).  The *Lang* Court also cited decisions by other circuits holding that mistakes by office staff do not constitute excusable neglect.  *Id.* (citing *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (6th Cir. BAP 2000) (noting that "[w]here counsel have attempted to convince courts that deadlines missed through mistakes by office staff or other pressures associated with the operation of a legal practice were the result of excusable neglect, they have been soundly rebuffed").

After reviewing the Tenth Circuit law with respect to excusable neglect and the Bankruptcy Court's order, I do not find there was an abuse of discretion in denying AT's motion.  I find AT's arguments to be both unpersuasive and unsupported by controlling law and the underlying record.  I also find no merit in AT's suggestion that the Bankruptcy Court denied its motion because it "harbor[ed] disdain" for AT.  (AT's Br. at 15.)  As I previously stated, under the abuse of discretion standard, the Bankruptcy Court's decision will not be disturbed unless I have a definite and firm conviction that there was a clear error of judgment.  I do not find that there was a clear error of judgment when the Bankruptcy Court denied AT's motion for an extension of time,

finding no excusable neglect. Further, I do not find that the Bankruptcy Court's order is arbitrary, capricious or unreasonable. In fact, I find that the order is supported by ample Tenth Circuit law. Accordingly, I find that there is no evidence in the record of any abuse of discretion with respect to the Bankruptcy Court's order denying AT's motion for an extension of time to file a notice of appeal.

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that AT's appeal of the Bankruptcy Court's July 2, 2008 order denying AT's Motion for Extension of Time for Filing a Notice of Appeal is without merit. The Bankruptcy Court's July 2, 2008 order is **AFFIRMED**, and this appeal is **DISMISSED.**

Dated: July 30, 2009

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                        Chief United States District Judge